**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MOHAMADOU KABBA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-72973

Agency No. A073-182-732

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Mohamadou Kabba, a native and citizen of The Gambia, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including credibility findings, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008), and we grant the petition for review and remand.

The BIA identified four reasons for finding Kabba not credible and denying his claims. Substantial evidence does not support the BIA's finding that Kabba's testimony that he never returned to The Gambia was inconsistent with the September 1992 admittance stamps in his passport, because the record reflects the stamps are for entry into Ghana. *See Bandari v. INS*, 227 F.3d 1160, 1167 (9th Cir. 2000) (rejecting adverse credibility finding that was not supported by the record). Substantial evidence also does not support the BIA's reliance on an inconsistency between Kabba's testimony and asylum application regarding who he lived with after his father's death, because Kabba was not given an opportunity to explain the perceived inconsistency. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1092 (9th Cir. 2009). Further, substantial evidence does not support the BIA's finding that Kabba's inability to read or write English was inconsistent with the threatening letters written to him in English, because the language of the letters does not reveal anything about Kabba's credibility. *See Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir. 2000) (impermissible conjecture and speculation about appropriate appearance of letters). Finally, substantial evidence does not support

10-72973

the BIA's finding that Kabba conceded he did not live at the address where the letters were sent. *See Tekle*, 533 F.3d at 1052-55. Accordingly, we grant the petition for review and remand to the agency on an open record, s*ee Soto-Olarte*, 555 F.3d at 1096, for further proceedings consistent with this disposition, *see INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**